IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HILSEWECK PARTNERSHIP, et al.,      §
                                    §
                    Plaintiffs,     §
                                    §   Civil Action No. 3:11-CV-0186-D
VS.                                 §
                                    §
EASTERN ENERGY RESOURCES,           §
INC., et al.,                       §
                                    §
                    Defendants.     §

MEMORANDUM OPINION
AND ORDER

     Defendant Michael Davidson ("Davidson") moves to set aside the clerk's entry of default and for leave to file an answer and counterclaim. Concluding that Davidson is entitled to this relief, the court grants the motions.

I

     Plaintiffs filed this suit in January 2011, alleging claims for securities fraud, common law and statutory fraud, breach of fiduciary duty, negligent misrepresentation, fraudulent nondisclosure, breach of contract, and rescission arising out of their contracts for certain rights in oil and gas leases held by defendant Eastern Energy Resources, Inc. ("EER"). Plaintiffs allege, *inter alia*, that Davidson, acting as principal for EER, induced them through misrepresentations to invest in EER's efforts to drill and complete oil and gas wells. The wells have not been completed.

     Although Davidson was properly served, he did not file a responsive pleading to plaintiffs' complaint. Consequently, the clerk of court entered a default, at plaintiffs' request,

on June 9, 2011.

Before a default judgment was entered, Davidson filed on June 24, 2011 the instant motion to set aside the clerk's entry of default and a motion for leave to file an answer and counterclaim. He contends that the court should set aside the default because his delay was not willful, and it occurred because he was occupied with two serious family obligations. Davidson posits that plaintiffs will not suffer prejudice if the default is set aside because they must continue to litigate the case against EER, which has answered and asserted defenses and counterclaims that are similar to those that Davidson proposes to assert. Davidson also maintains that his answer presents a meritorious defense: plaintiffs did not make payments necessary to deepen and complete the wells, as required by contract, and they therefore have no rights in the wells or royalties.

Plaintiffs respond that Davidson's failure to answer their complaint was willful because he was represented by counsel in Tennessee at the time of the complaint, and he avoided an appearance in this case even after requesting additional time to answer. Plaintiffs posit that Davidson's willful failure to answer should alone defeat his motion to set aside the default.

II

A

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause[.]"

> The requirement of good cause has generally been interpreted liberally. Three factors are examined for determining good cause *vel non*: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented. These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. Other factors may be considered, such as whether the party acted expeditiously to correct the default.

*Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.,* 346 F.3d 552, 563 (5th Cir. 2003) (citations, internal quotation marks, brackets, and ellipsis omitted). The term "'good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992).

> [W]hile courts apply essentially the same standard to motions to set aside a default and a judgment by default, the former is more readily granted than a motion to set aside a default judgment. The willful failure to answer, the lack of any meritorious defense, and the existence of resulting prejudice to the plaintiff, depending on the circumstances, typically can provide adequate cause for the court to deny a motion to set aside a default.

*Id.* at 184 (footnote omitted). "Willful failure alone may constitute sufficient cause for refusing to set aside an entry of default." *Beall v. Cockrell*, 174 F.Supp.2d 512, 517 (N.D. Tex.) (Kaplan, J.) (quoting *Dierschke,* 975 F.2d at 184-85), *rec. adopted*, (N.D. Tex. 2001) (Fitzwater, J.). Willfulness in this context is reviewed under an "excusable neglect" standard. *Id.* (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir. 1992)). "These factors are not 'talismanic,' and [the court] will consider others. The ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default.

The district court need not consider all of these factors." *CJC Holdings,* 979 F.2d at 64 (citations omitted). "The decision to set aside a default decree lies within the sound discretion of the district court." *United States v. One Parcel of Real Prop.,* 763 F.2d 181, 183 (5th Cir. 1985) (citation omitted).

B

The court holds that the clerk's entry of default should be set aside and Davidson should be allowed to file a responsive pleading. Even if the court assumes *arguendo* that Davidson's failure to answer was willful,[*] it is persuaded that he has otherwise met the good cause standard, which is generally interpreted liberally.

First, setting aside the default will not unfairly prejudice plaintiffs. "The mere fact that setting aside the default will delay their recovery or require that they litigate their claims is insufficient." *Verity Instruments, Inc., v. KLA-Tencor Corp.,* 2006 WL 929235, at *2 (N.D. Tex. Apr. 10, 2006) (Fitzwater, J.) (brackets and citations omitted). Moreover, the issues relating to plaintiffs' claims against Davidson may be substantially similar to the issues they must litigate against EER.

Second, Davidson's answer presents a potentially meritorious defense to at least one of plaintiffs' claims: he is not liable for breach of contract because plaintiffs failed to pay for

---

[*]The record supports the conclusion that Davidson willfully failed to file a responsive pleading. He was represented by counsel in Tennessee at the time of the complaint, and he failed to answer even after receiving an extension of time to do so. But the record also indicates that Davidson was preoccupied with serious family obligations during the relevant period.

- 4 -

well deepening and completion, as contractually required.

Third, the important interest in preserving the finality of judgments, *e.g., Steverson v. GlobalSantaFe Corp.,* 508 F.3d 300, 305 (5th Cir. 2007), is not implicated when the court merely sets aside the clerk's entry of default rather than sets aside a default judgment.

Accordingly, considering the lack of prejudice to plaintiffs, Davidson's potentially meritorious defense, and the fact that the court is setting aside an entry of default, not a default judgment, the court grants Davidson's motions.

\* \* \*

Davidson's June 24, 2011 motions to set aside entry of default and for leave to file an answer and counterclaim are granted.  He must file his answer—electronically or on paper—within seven days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

August 9, 2011.

SIDNEY A. FITZWATER
CHIEF JUDGE